FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 18, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

RICHARD M.,

                Plaintiff,

   v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

NO: 4:18-CV-5036-FVS

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND DENYING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 10, 11. This matter was submitted for consideration without oral argument. The plaintiff is represented by Attorney Chad L. Hatfield. The defendant is represented by Special Assistant United States Attorney Leisa A. Wolf. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 10, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 11.

**JURISDICTION**

Plaintiff Richard M.[1] protectively filed for supplemental security income and disability insurance benefits on April 25, 2014.  Tr. 237-49.  Plaintiff alleged an onset date of March 5, 2009.  Tr. 237, 241.  However, as noted by the ALJ, the period at issue begins the day after Plaintiff's prior determination became administratively final, which is April 27, 2012.  Tr. 18.  Benefits were denied initially, Tr. 148-50, and upon reconsideration, Tr. 153-56.  Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ M.J. Adams on August 16, 2016.  Tr. 35-38.  At that hearing the ALJ granted Plaintiff a continuance to seek representation, and a subsequent hearing was held on November 9, 2016.  Tr. 39-69.  Plaintiff was represented by counsel and testified at the subsequent hearing.  *Id*.  The ALJ denied benefits, Tr. 15-34, and the Appeals Council denied review.  Tr. 1.  The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

/ / /

/ / /

/ / /

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

# BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 50 years old at the time of the hearing.  Tr. 42.  He completed 10th grade and did not get his GED.  Tr. 42.  Plaintiff lives with his girlfriend.  Tr. 47.  He has work history as a residential and commercial housepainter.  Tr. 44, 64.  Plaintiff testified that he cannot work as a painter because of pain, and because the "feeling" he gets from painting "makes [him] use drugs."  Tr. 45.

Plaintiff testified that he doesn't trust anybody, including his own four sons.  Tr. 46.  He reported that he doesn't trust doctors, because he was abused by a doctor as a child.  Tr. 49-50.  He leaves the house "maybe" three days a week for an hour at a time, but does not leave the house or talk to people four days a week.  Tr. 51-52.  Plaintiff testified that he can't even concentrate on a television show because his mind is racing, and "half the time" he can't remember his daily chores.  Tr. 52-53.  He reported "constant" auditory hallucinations that affect his concentration.  Tr. 54.  Plaintiff has a history of methamphetamine use, and testified that he has relapsed every six or eight months for less than a week at a time.  Tr. 56-57.

/ / /

/ / /

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The

party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§

404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five,

the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 27, 2012, the day after the prior determinations became administratively final. Tr. 21. At step two, the ALJ found Plaintiff has the following severe impairments: anxiety disorder; mood disorder; personality disorder; drug addiction and alcoholism. Tr. 21. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 21. The ALJ then found that Plaintiff has the RFC

> to perform a full range of work at all exertional levels including the ability to do the following. He can understand, remember and carry-out simple instructions. He can make judgments commensurate with the functions of unskilled work, i.e., work which needs little or no judgment to do simple duties and which a person can usually learn to do in 30 days where little specific vocational preparation and judgment are needed. He can respond appropriately to supervision, but should not be required to work in close coordination with co-workers where teamwork is required. He can deal with occasional changes in the work environment. He can do work that does not require any contact with the general public to perform the work tasks.

Tr. 23. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 27. At step five, the ALJ found that considering Plaintiff's age,

education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: commercial cleaner, auto detailer, and marking clerk. Tr. 28. On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from April 27, 2012, through the date of the decision. Tr. 29.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 16. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly weighed the medical opinion evidence;

2. Whether the ALJ improperly discredited Plaintiff's symptom claims;

3. Whether the ALJ erred at step two;

4. Whether the ALJ erred at step three; and

5. Whether the ALJ erred at step five.

## DISCUSSION

### A. Medical Opinions

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

*Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001)(citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester,* 81 F.3d at 830–831). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

Plaintiff argues the ALJ erroneously considered the opinions of examining psychologist N.K. Marks, Ph.D., and state agency reviewing psychologist Bruce Eather, Ph.D.[2] ECF No. 10 at 9-13.

---

[2] The ALJ also gave little weight to Dr. Ronald Page's finding that Plaintiff had a Global Assessment of Functioning (GAF) score of 50, and "very little weight" to GAF scores in the record ranging from 47-49 "because they assess what

## 1. N.K. Marks, Ph.D.

In May 2012, Dr. Marks examined Plaintiff and completed a "psychodiagnostic" evaluation. Tr. 462-66. Dr. Marks opined that

> [a]lthough [Plaintiff] demonstrated some intact skills such as working memory and distant and intermediate memory, he demonstrated such extreme anxiety and disorganized communication skills that it is unimaginable that he would be able to hold down any sort of a job at this point. His extreme anxiety coupled with his general distrust of others and poor communication skills would make him virtually unemployable until these symptoms are brought under control. He would likely have significant difficulty interacting with others, remembering new job skills and even finding the energy to participate in any sort of employment.

Tr. 466. The ALJ accorded "little weight" to Dr. Marks' opinion. Because Dr. Marks' opinion was contradicted by Dr. Ronald D. Page, Tr. 495-500, the ALJ was

---

[Plaintiff's] mental functionality may have been very briefly." Tr. 26-27. Plaintiff contends that these GAF scores demonstrate Plaintiff had serious impairment in functioning. ECF No. 10 at 11-13. However, the Court notes that "GAF scores, standing alone, do not control determinations of whether a person's mental impairments rise to the level of a disability." *See, e.g., Garrison v. Colvin*, 759 F.3d 995, 1002 n.4 (9th Cir. 2014). Regardless, in light of the need to remand for reconsideration of the medical opinion evidence discussed above, the ALJ should reconsider all relevant medical evidence, including the GAF scores and Dr. Page's opinion.

required to provide specific and legitimate reasons for rejecting Dr. Marks'

opinion. *Bayliss*, 427 F.3d at 1216.

First, the ALJ found Dr. Marks' opinion that Plaintiff "is mentally disabled .

. . conflicts with his own detailed exam findings which support the RFC." Tr. 26.

The ALJ may properly reject a medical opinion if it is inconsistent with the

provider's own treatment notes. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th

Cir. 2008). In support of this finding, the ALJ notes "[a]s examples: while Dr.

Marks opines that, 'it is unimaginable that [Plaintiff] would be able to hold down

any sort of job at this point' due to 'extreme anxiety and disorganized

communication skills,' he did not adequately reconcile this with his own exam

results which as stated, show that [Plaintiff] remains able to perform simple tasks

with reduced social contact/interaction." Tr. 26. Further, the ALJ generally

contends that Plaintiff "performed well on memory testing and maintained his

concentration, persistence and pace sufficiently well to perform serial 3s and digit

span testing up to 7/5 numbers forward/in reverse." Tr. 26. However, as noted by

Plaintiff, Dr. Marks acknowledged that Plaintiff had "intact" memory skills; but

still opined that Plaintiff was unable to work due to poor communication skills,

extreme anxiety, and difficulty interacting with others. ECF No. 10 at 9-10 (citing

Tr. 465-66). Moreover, while Plaintiff was able to perform serial 3s and digit span

testing, Dr. Marks' overall finding on mental status examination found that

Plaintiff "generally had poor focus and concentration," had difficulties following

directions to perform simple pencil and paper tasks, and was unable to count backward by 7's. Tr. 465. Finally, and most notably, the ALJ's decision entirely fails to consider abnormal mental status examination findings by Dr. Marks, including: unkempt appearance; "affect and mood were anxious, jumpy, pessimistic and nervous"; extreme external locus of control; rapid and pressured speech; "mental activity was loose, tangential, and showed flight of ideas"; confirmed suicidal thoughts on a frequent basis; weak fund of general knowledge; poor focus and concentration; adequate but concrete problem solving and judgment; and an "extremely hard time expressing himself verbally." Tr. 464-65.

When explaining his reasons for rejecting medical opinion evidence, the ALJ must do more than state a conclusion; rather, the ALJ must "set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*. Here, the ALJ fails to summarize and interpret the entirety of Dr. Marks' clinical findings; thus, the ALJ's conclusion that Dr. Marks' exam results are both irreconcilable with his own opinion that Plaintiff was unable to work, and consistent with the ALJ's assessed RFC, are not supported by substantial evidence. This was not a specific and legitimate reason for the ALJ to reject Dr. Marks' opinion.

Second, the ALJ found the "persuasiveness of Dr. Marks' opinion is further reduced because it is speculative, i.e. 'he would likely have significant difficulty interacting with others, remembering new job skills and even finding the energy to participate in any sort of employment.'" Tr. 26 (citing Tr. 466). Plaintiff argues this reason is invalid because "any reasonable reading of the strongly worded, emphatic opinion offered by Dr. Marks would not fall under the definition of 'speculative,' particularly given her well-developed explanations." ECF No. 10 at 10. The Court agrees. While it is true that Dr. Marks uses the word "likely" in the medical source statement, such parsing of Dr. Marks' opinion does not accurately reflect the content or tone of her report. *See Reddick*, 157 F.3d at 722-23 (reversing ALJ decision, in part, because the ALJ's "paraphrasing of record material is not entirely accurate regarding the content or tone of the record"). Dr. Marks clearly stated that Plaintiff "demonstrated such extreme anxiety and disorganized communication skills that it is unimaginable that he would be able to hold down any sort of job at this point. His extreme anxiety coupled with his general distrust of others and poor communication skills would make him virtually unemployable." Tr. 466. This language is not speculative. Thus, the Court finds this was not a specific and legitimate reason, supported by substantial evidence, for the ALJ to reject Dr. Marks' opinion.

Third, and finally, the ALJ found that "Dr. Marks appears to have relied more on what [Plaintiff] told him than his own clinical findings; a problem, because the

allegations are not fully supported by the evidence." Tr. 26. An ALJ may reject a physician's opinion if it is based "to a large extent" on Plaintiff's self-reports that have been properly discounted as not credible. *Tommasetti*, 533 F.3d at 1041. As discussed above, the ALJ appears to base this reasoning solely on Plaintiff's intact memory and cognitive skills, as noted by Dr. Marks. Tr. 465-66. However, the ALJ fails to consider the entirety of Dr. Marks' mental status examination, the results of which included: unkempt appearance; "anxious, jumpy, pessimistic and nervous" affect and mood; extreme external locus of control; rapid and pressured speech; "mental activity was loose, tangential, and showed flight of ideas"; confirmed suicidal thoughts on a frequent basis; weak fund of general knowledge; poor focus and concentration; adequate but concrete problem solving and judgment; and an "extremely hard time expressing himself verbally." Tr. 464-65. Neither the ALJ, nor the Defendant, offers any evidence that Dr. Marks relied "to a large extent" on Plaintiff's subjective complaints as opposed to these clinical findings. Moreover, as discussed below, the ALJ improperly rejected Plaintiff's symptom claims. For these reasons, this was not a specific and legitimate reason to reject Dr. Marks' opinion.

On remand, the ALJ must reconsider Dr. Marks' opinion, and provide legally sufficient reasons for evaluating the assessed limitations, supported by substantial evidence.

### 2. Bruce Eather, Ph.D.[3]

In September 2014, Dr. Bruce Eather, a state agency reviewing psychologist, opined that Plaintiff "can interact superficially [with] coworkers [and] supervisors." Tr. 128. The ALJ generally gave Dr. Eather's opinion significant weight, and purported to incorporate "essentially the same limitation that Dr. Eather describes in his accompanying narrative" into the RFC, namely, that Plaintiff "will work best away with superficial interaction with co-workers and supervisors." Tr. 26, 128. However, the actual RFC assessed by the ALJ found

---

[3] Dr. Thomas Clifford, another state agency reviewing psychologist, also opined that Plaintiff's concentration, persistence and pace would "vary episodically;" and Dr. Eather similarly opined that Plaintiff would have an "occasional wane in his attention and concentration." Tr. 103, 128. Plaintiff argues that despite granting both of these opinions significant weight, the ALJ "failed to account for off-task behavior due to waning attention and concentration." ECF No. 10 at 12. Plaintiff fails to cite evidence from the record, or legal authority, to support a finding that episodic or occasional inability to concentrate translates to "off-task behavior" such that it must be accounted for in the assessed RFC. However, in light of the need to reconsider Dr. Marks' and Dr. Eather's opinions, as discussed herein, the ALJ should reexamine all of the medical evidence upon remand, including the state agency reviewing opinions, and all opinion evidence deemed relevant.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

Plaintiff "can respond appropriately to supervision, but should not be required to work in close coordination with co-workers where teamwork is required." Tr. 23. Plaintiff argues that the ALJ failed to properly consider Dr. Eather's opinion that Plaintiff should be limited to only "superficial interaction" with co-workers and supervisors. Tr. 128. The Court agrees. The ALJ erred by failing to either provide the requisite reasons to reject these specific limitations on Plaintiff's ability to interact with co-workers and supervisors, as opined by Dr. Eather, or to incorporate those limitations into Plaintiff's RFC. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("an ALJ is not free to disregard properly supported limitations"). The ALJ must reconsider Dr. Eather's opinion on remand.

**B. Plaintiff's Symptom Claims**

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. Tr. 24. However, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" for the following reasons: (1) the medical evidence does not fully support Plaintiff's allegations; (2) Plaintiff has a criminal conviction history for driving under the influence (DUI) and felony assault; and (3) Plaintiff

has not been entirely compliant with treatment.[4]  Tr. 24-25.  Plaintiff argues these were not clear and convincing reasons for the rejection of his symptom claims. ECF No. 10 at 16-19.  The Court agrees.

First, the ALJ noted that Plaintiff has a criminal conviction history for DUI and assault, and found this "suggests that while [Plaintiff] has a non-disability related barrier to finding work, he remains able to perform simple, routine tasks involving limited social contact/interaction."  Tr. 25 (citing Tr. 464).  An ALJ may discredit a claimant's allegations based on relevant character evidence including criminal history.  *See Bunnell,* 947 F.2d at 346; *Albidrez v. Astrue,* 504 F.Supp.2d 814, 822 (C.D.Cal.2007) (convictions for crimes of moral turpitude are proper basis for adverse credibility determination)  However, regardless of whether his

---

[4] Defendant argues that the ALJ also found Plaintiff's daily activities were inconsistent with his subjective complaints.  ECF No. 11 at 16; *see Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999) (ALJ may discount an opinion that is inconsistent with a claimant's reported functioning). However, the Court is not permitted to consider this reasoning because it was not offered by the ALJ in the decision.  *Bray*, 554 F.3d at 1226 (the Court "review[s] the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

criminal history might impede his ability to find work, as noted by Plaintiff, the ALJ "offers no rationale for how [Plaintiff's] criminal conviction history – which does not include fraud or dishonesty – relates to" the evaluation of Plaintiff's symptom claims. Thus, this is not a clear and convincing reason, supported by substantial evidence, for the ALJ to discount Plaintiff's symptom claims.

Second, the ALJ found the "persuasiveness of [Plaintiff's] allegations is also diminished because he has not been entirely compliant with treatment." Tr. 25. Unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment may be the basis for an adverse credibility finding unless there is a showing of a good reason for the failure. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). However, the only evidence cited by the ALJ to support this reasoning is a single report by Plaintiff that he had "been using his friend's oxycodone 5 mg daily for the last 2-3 days." Tr. 25 (citing Tr. 516). As noted by Plaintiff, at the same visit Plaintiff disclosed this information, he was diagnosed with abdominal pain and prescribed medication for that pain, arguably "confirming the fact that his doctor found his pain symptoms to be valid." ECF No. 10 at 18 (citing Tr. 515-16). Moreover, there is no indication that Plaintiff was not compliant with treatment after he was prescribed pain medication at that visit. Thus, while the ALJ is arguably correct that "[c]ommon-sense suggests that taking non-prescribed medication may well aggravate instead of ease medical conditions," this single report by Plaintiff does not rise to the level of a clear and

convincing reason, supported by substantial evidence, for the ALJ to discount Plaintiff's symptom claims due to non-compliance with treatment.

Finally, the ALJ found the "updated medical evidence does not fully support the allegations and instead demonstrates that [Plaintiff] retains the maximum residual functional capacity (RFC) to perform simple, work-related tasks at all exertional levels with reduced social contact/interaction." Tr. 24. Medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). However, an ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins*, 261 F.3d at 857; *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). As discussed above, the additional reasons offered by the ALJ for discounting Plaintiff's symptoms claims were not clear, convincing, and supported by substantial evidence. Thus, because minimal medical evidence cannot stand alone as the basis for rejecting Plaintiff's symptom claims, the ALJ's finding is inadequate and must be reconsidered on remand.

**C. Additional Assignments of Error**

Plaintiff also challenges the ALJ's findings at step two, step three, and step five. ECF No. 10 at 14-16, 19-20. Because the analysis of these questions is dependent on the ALJ's evaluation of the medical opinion evidence and Plaintiff's

symptom claims, which the ALJ is instructed to reconsider on remand, the Court declines to address these challenges here. On remand, the ALJ is instructed to conduct a new sequential analysis after reconsidering the medical opinion evidence and Plaintiff's symptom claims.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Although Plaintiff requests a remand with a direction to award benefits, ECF No. 10 at 21, the Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered medical opinion evidence and Plaintiff's symptom claims, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the Court remands this case for further proceedings. On remand, the ALJ must reconsider the medical opinion evidence, and provide legally sufficient reasons for evaluating the opinions, supported by substantial evidence. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts. The ALJ should also reconsider Plaintiff's symptom claims, and the remaining steps in the sequential evaluation analysis. Finally, the ALJ should reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

/ / /

/ / /

/ / /

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **GRANTED**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, **ECF No. 11**, is **DENIED**.

3. Application for attorney fees may be filed by separate motion.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** March 18, 2019.

_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
United States District Judge